UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL TAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-0201-CVE-JFJ |
| ) | |
| MARLIN C. SEJNOHA, JR. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On May 11, 2020, plaintiff Paul Tay filed a pro se complaint (Dkt. # 2), and a motion to proceed in forma pauperis (Dkt. # 3). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis only excuses prepayment of the fee, plaintiff remains obligated to pay the full $400 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees").

Plaintiff alleges that he is an inmate in the David L. Moss Criminal Justice Center, and he claims that he been providing "kitchen labor" during his incarceration. Dkt. # 2, at 2. The named defendant, Marlin C. Sejnoha, Jr., is allegedly the president of Summit Food Service, LLC, the food service provider for the jail. Id. Plaintiff claims that defendant has not been keeping track of the hours that he has worked and has not paid him the minimum wage required under the Fair Labor

Standards Act, 29 U.S.C. § 216(b) (FLSA). Plaintiff filed this case on behalf of himself and other similarly situated individuals seeking damages and injunctive relief

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). In this case, defendant alleges that he is an inmate requesting leave to proceed in forma pauperis and the requirements of § 1915 are clearly applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

The Court has reviewed plaintiff's complaint and finds that he has failed to state a claim on which relief may be granted. As to plaintiff's class allegations, he is proceeding pro se and he may not represent another party. Amaro v. Attorney General for New Mexico, 781 F. App'x 693 (10th Cir. July 11, 2019) (pro se inmate may not file a class action on behalf of other inmates); Lowery v. Edmundson, 528 F. App'x 789 (10th Cir. June 17, 2013) (explaining that a pro se plaintiff cannot adequately protect the interests of other class members).[1] Even if plaintiff could obtain counsel, his FLSA claim is meritless and there is no reason to allow the case to proceed. The law is clearly established that inmates are not entitled to be paid minimum wage for work performed while they are incarcerated. Tourscher v. McCullough, 184 F.3d 236 (3d Cir. 1999) (pretrial detainees are not "employees" under the FLSA); Franks v. Oklahoma State Industries, 7 F.3d 971 (10th Cir. 1993) (a

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

prisoner is not an "employee" under the FLSA and is not entitled to minimum wage). Plaintiff is not protected by the FLSA while he is incarcerated and he has no right to paid minimum wage for work performed while he is a prisoner. Therefore, he has failed to state a claim upon which relief can be granted, and the case should be dismissed under § 1915(e)(2).

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 3) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

**DATED** this 18th day of May, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE